UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE RASHDUNI,<br><br>**Plaintiff,**<br><br>v.<br><br>P. DENTE (COP 1), THE SUPERIOR COURT OF THE STATE OF NEW JERSEY, JOHN DOE1 (COP 3), JOHN DOE2 (COP4) GRZEGORZ KINAL (COP 2), PETER J. MELCHIONNE, LAURA MEZA, BARBARA COWEN, MARINE MANVELYAN, COUNTY SHERIFF'S OFFICE, MUNICIPAL COURT OF BERGEN COUNTY,<br><br>**Defendants.** | Civ. No. 16-240 (KM)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

Claude Rashduni brings this "counterclaim" *pro se* alleging "trespass, and trespass on the case," but also states that the actions of defendants were "unconstitutional." I will interpret this as a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] It names Defendant Hon. Peter J. Melchionne, J.S.C., the judge presiding over Mr. Rashduni's child custody proceedings, as well as court personnel, Sheriff's Officers, the Municipal Court of Bergen County, Rashduni's ex-wife, and her lawyer. This case is a companion to *Rashduni v. Melchionne,* No. 15-8907, in which I am also filing an opinion today.

Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim. For the reasons expressed herein, the motions are granted.

---

[1] The amended complaint in this action (ECF no. 8) is entitled "Amended Counterclaim for Trespass and Trespass on the Case." I have treated it as a complaint and deemed Mr. Rashduni to be plaintiff.

1

## I. BACKGROUND

For some time, proceedings have been proceeding in the Superior Court of New Jersey, Bergen County, concerning the divorce of Mr. Rashduni and his ex-wife, Marine Manvelyan, and custody of their child, K.R. Judge Melchionne, the last judge to preside, has seemingly awarded custody to Manvelyan and ordered Rashduni to pay child support.

The amended complaint is quite difficult to follow. The allegations may be summarized as follows.

1.  At a April 2, 2015, court appearance, defendants forced Rashduni to accept that sole custody of the child would be given to Manvelyan, with "unfounded proof and uncivilized barbaric process." The attached transcript excerpts demonstrate that the court had not yet made its determination. The judge did state that the proofs were pointing toward sole custody, and warned Rashduni that he could be jailed if he did not stop interrupting. (ECF no. 8 at 2–4, 16–21)

2.  The court dismissed a counterclaim despite no counterclaim's having been filed. (ECF no. 8 at 4–5)

3.  In December 2013 Manvelyan obtained a passport for the child without Rashduni's consent or knowledge. (ECF no. 8 at 5–7) This, believes Rashduni, was a step in a plan to kidnap the child. The passport was mentioned repeatedly at a December 2013 hearing.

4.  Manvelyan has given false information about the child's enrollment in the New Jersey Family Care Plan, which would be inappropriate given Manvelyan's income level. Defendant Cowen, her lawyer, has allegedly known about or aided the misrepresentation. (ECF no. 8 at 7–8)

5.  Manvelyan sought to dissolve the marriage five months after receiving her green card. She filed three bogus criminal charges against Rashduni, which were dismissed.

6.  Attached to the complaint is an order of the state court, dated December 14, 2015. The order dismissed Rashduni's answer, counterclaim, and order to show cause, and stated that the matter would proceed by default

on January 11, 2016. (ECF nol. 8 at 24) Also attached is a notice of proposed final judgment granting Manvelyan sole custody without visitation rights, restraining Rashduni from approaching Manvelyan or the child, returning passports and permitting Manvelyan to remove the child from the jurisdiction, awarding child support of $589 per week, and awarding attorney's fees and other relief. The outcome of the January 11, 2016 hearing is not stated.

The complaint alleges that this is a plan to kidnap the child while imprisoning Rashduni. It alleges that "it is unconstitutional to take a child from one person and transfer[] it to another person." (ECF no. 8 at 10)

Also alleged is that the judge wrongfully ordered the scanning of the deeds of two houses owned by Rashduni's mother. (ECF no. 8 at 11)

As relief, the complaint demands "Dismiss all Criminal charges in the Bergen County Municipal Court with a mandate from the federal court." (ECF no. 8 at 13) No supporting facts are stated. This seems to refer to a disorderly persons charge of contempt brought against Rashduni based on his disruptive behavior in court. (ECF no. 1-1)

The complaint demands that the child's passport be held by the State Department.

The complaint also seeks damages based on loss of reputation in the amount of "$15 million plus $50,000 multiplied by the number of days in constructive and actual imprisonment." (ECF no. 8 at 13)

## STANDARD OF REVIEW

### 1. Rule 12(b)(1) Standard

A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges are either facial or factual attacks. See 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. Under this standard, a court assumes that the allegations

3

in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Id.* The jurisdictional arguments made here are based on the allegations of the complaint. Accordingly, the Court will take the allegations of the complaint as true. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### 2. Rule 12(b)(6) Standard

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a

'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II. DISCUSSION

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Claims against Judge Melchionne, Mezza, and the Court

Judge Melchionne, Laura Mezza, and the Superior Court, all named as defendants, have filed a motion to dismiss. For the reasons stated in my opinion filed in a related case today, the claims against Judge Melchionne are barred by Eleventh Amendment sovereign immunity, his non-amenability to suit as a "person" under § 1983, and absolute judicial immunity. *Rashduni v. Melchionne*, Civ. No. 15-8907. (A copy is attached for ease of reference.)

The Superior Court itself, as well as Laura Mezza, as Court Services Supervisor, are likewise shielded from suit as entities and officers of the State,

5

for the reasons expressed in the *Melchionne* opinion. *See Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 Fed. App'x 146, 149 (3d Cir. 2013) (New Jersey county court was "clearly a part of the state of New Jersey," so "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment") (citing *Benn v. First Judicial Dist. Of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005)).[2]

Mezza, like the judge, is entitled to assert judicial immunity as to claims against her in her personal capacity. *See Hafer v. Melo*, 502 U.S. 21, 25–27, 112 S. Ct. 358, 362–63 (1991) It is not clear precisely what Mezza is alleged to have done to injure the plaintiff. What is clear is that Mezza carried out tasks integral to the judicial function, and is therefore entitled to absolute quasi-judicial immunity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772 (3d Cir. 2000) (Deputy Court Administrator entitled to quasi-judicial immunity); *Dongon v. Banar*, 363 Fed. App'x 153, 156 (3d Cir. 2010) (judicial employees).

Finally, to the extent Rashduni seeks to upset a final judgment of the state court, this court lacks jurisdiction under the *Rooker-Feldman* doctrine. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005); *O'Callaghan v. Harvey*, 233 F. App'x 181 (3d Cir. 2007) (applying *Rooker-Feldman* in context of child custody matter). Rashduni's complaint states that the Family Court's judgment is final, and he clearly is seeking in this action to overturn the result. The Deputy Attorney General representing defendants confirms the allegation of the complaint that the judgment is final, and adds that it has not been appealed. (Case no. 15-8907, ECF no. 12) For this reason as well, the court lacks jurisdiction.

---

[2] Claims against Manvelyan's lawyer, Ms. Cowen, seem to have the opposite problem; because Cowen did not act for the State, she is not an appropriate defendant for a § 1983 claim. *See Steward v. Meeker*, 459 F.2d 669, 669-70 (3d Cir. 1972)(private attorney was not a state actor under Section 1983); *Polk County v. Dodson*, 454 U.S. 312 (1981)(even court-appointed defense attorneys do not act under the color of state law for purposes of Section 1983).

### B. Claims against Bergen County Sheriff, Dente, Kinal, Bergen County Municipal Court

The complaint names as defendants the Bergen County Sheriff, Sheriff's Officers Grzegorz Kinal and Pellegrino Dente, and the Central Municipal Court of Bergen County. The complaint itself says little or nothing about these defendants. The allegations appear to relate to a municipal court complaint, attached to the original complaint in this action as Ex. A (ECF no. 1-1). The municipal court complaint relates that, on October 19, 2015, Rashduni refused to be quiet after being asked several times by Judge Melchionne and the Sheriff's Officers to stop interrupting and causing a disturbance. He is charged with two disorderly persons offenses, one of them a petty offense. *See* N.J. Stat. Ann. §§ 2C:29-1A and 2C:33-2A(1).

The complaint in this action demands that all criminal proceedings against Rashduni in the municipal court be dismissed. That this Court cannot do under the doctrine of *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37 (1971). The doctrine requires pending or ongoing state judicial proceedings; the proceedings must implicate important state interests; and the proceedings must afford an adequate opportunity to raise any constitutional issues. *See Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). Where *Younger* abstention is appropriate, the proper remedy is outright dismissal of the federal action. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

Ongoing state criminal proceedings,[3] like these, present the quintessential case for <u>Younger</u> abstention. The U.S. Supreme Court has recently reaffirmed that principle:

> Recently, the Supreme Court clarified in *Sprint* that *Younger* applies "only in three 'exceptional' classes of cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."

---

[3] The implication of the complaint, which seeks to enjoin the criminal proceedings, is that those proceedings are ongoing. There is no indication of a disposition in the record before me.

*Chambers v. Wells Fargo Bank, N.A.*, No. CV 15-6976 (JBS/JS), 2016 WL 3533998, at *4 (D.N.J. June 28, 2016) (quoting *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (discussing *Sprint Communications, Inc. v. Jacobs*, __ U.S. __, 134 S. Ct. 584, 588 (2013)). Criminal prosecutions implicate important state interests. They obviously afford a defendant the opportunity to assert constitutional defenses at trial and on appeal. To the extent that Rashduni seeks to have this court order dismissal of state criminal proceedings, then, I abstain under *Younger* and dismiss his claims.

Finally, the complaint simply fails to state a claim against these defendants. The Sheriff's Office and its Officers acted as courtroom security personnel. It is inferable that they arrested Rashduni and filed the complaint for contempt. Nothing about the facts alleged in the complaint or the transcript indicates any unconstitutional basis for the arrest or charges. For this reason, too, the claims against these defendants must be dismissed.[4]

The Bergen County Municipal Court is simply the court in which the charges were filed. Again, no unconstitutional conduct is specified. And the Court would partake of absolute judicial immunity at any rate. *See supra.*

### III.   CONCLUSION

For the foregoing reasons, the motion of the defendant to dismiss the complaint is GRANTED. The dismissal is with prejudice, because the complaint fails to meet jurisdictional requirements and seeks relief against defendants who are immune.

Dated: July 26, 2016
Newark, New Jersey

**HON. KEVIN MCNULTY**
**United States District Judge**

---

[4] To view it from another standpoint, because the complaint alleges no constitutional violation, the officers' qualified immunity is not overcome. *See Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508 (2002); *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001); *McGreevy v. Stroup*, 413 F.3d 359, 364 (3d Cir. 2005). I do not reach the issue of whether the courtroom officers would enjoy absolute quasi-judicial immunity. *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 393 (D.N.J. 2012)

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CLAUDE RASHDUNI,

    Plaintiff,

v.

PETER J. MELCHIONNE,

    Defendant.

Civ. No. 15-8907 (KM)

OPINION

## KEVIN MCNULTY, U.S.D.J.:

Claude Rashduni brings this action *pro se* alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). Defendant Hon. Peter J. Melchionne, J.S.C., is the judge who presided over child custody proceedings. According to Rashduni, Judge Melchionne has wrongfully vacated a joint custody agreement, ordered him to pay $750 per week in child support, and terminated his visitation rights. At times Rashduni states that Judge Melchionne applied no legal standard at all, but elsewhere he challenges the standard that the judge applied, *i.e.*, "best interests of the child." The complaint seeks damages, reversal of all of Judge Melchionne's orders, and injunctive relief on behalf of all persons deprived of custody of their children.

Before the court are Mr. Rashduni's motion to void all orders filed by Judge Melchionne (ECF no. 6), and Judge Melchionne's motion to dismiss the complaint (ECF no. 11). For the reasons that follow, I will grant the motion to dismiss the complaint and deny the motion to void the state court orders. This opinion should be read in conjunction with another, filed today in a companion case, *Rashduni v. Dente,* Civ. No. 16-240. (A copy is attached for ease of reference.)

1

## I. STANDARD OF REVIEW

### 1. Rule 12(b)(1) Standard

A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges are either facial or factual attacks. *See* 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Id.* The jurisdictional arguments made here are based on the allegations of the complaint. Accordingly, the Court will take the allegations of the complaint as true. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### 2. Rule 12(b)(6) Standard

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and

2

conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II. DISCUSSION

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983

3

### A. Damages Claims: Threshold Grounds

### 1. Eleventh Amendment immunity

Judge Melchionne asserts that jurisdiction is lacking because, in his official capacity, he enjoys Eleventh Amendment immunity.

The Eleventh Amendment to the Constitution, which is of jurisdictional stature, renders the states immune from certain claims: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment incorporates a general principle of sovereign immunity that bars citizens from bringing suits for damages against any State in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–101, 104 S. Ct. 900, 908 (1984); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355 (1974); *Hans v. Louisiana*, 134 U.S. 1, 10, 10 S. Ct. 504, 505 (1890). Although Congress may in some circumstances possess the power to override a state's sovereign immunity, it did not do so when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Monetary claims for deprivations of civil rights under Section 1983 are therefore subject to the Eleventh Amendment sovereign immunity bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 58 (1989).

As a judicial officer of the Superior Court of New Jersey, Bergen County, Judge Melchionne is within the protection of the Eleventh Amendment. *See Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 Fed. App'x 146, 149 (3d Cir. 2013) (New Jersey county court was "clearly a part of the state of New Jersey," so "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment") (citing *Benn v. First Judicial Dist. Of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005)); *Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) ("[T]he state courts, its employees, and the judges are entitled to immunity

4

under the Eleventh Amendment....") (citing *Johnson v. State of N.J.*, 869 F. Supp. 289, 296-98 (D.N.J. 1994)).

### 2. Amenability to Suit as "Person"

Judge Melchionne also asserts the closely related ground that he, in his official capacity, is not a "person" amenable to suit under 42 U.S.C. § 1983.[1]

Section 1983 imposes liability on "[e]very *person*, who, acting under color of any statute, ordinance, regulation, custom, or usage, of any State" subjects a person to a deprivation of certain rights. 42 U.S.C. § 1983 (emphasis added). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Hafer v. Melo*, 502 U.S. 21, 26, 112 S. Ct. 358, 362 (1991) (quoting *Will*, 491 U.S. at 71, 109 S. Ct. at 2312). An action against a State agent in that agent's official capacity is considered an action against the State itself, not one against a "person." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3104 (1985).

As a state official, Judge Melchionne is not amenable to a suit for damages because he is not a "person" under § 1983.

### 3. Judicial Immunity

Judge Melchionne enjoys absolute judicial immunity from claims, like these, based on his judicial acts. *See Dongon*, 363 F. App'x at 155 ("[J]udges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity.") (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). *See also Mireles v. Waco,* 502 U.S. 9, 112 S. Ct. 286 (1991); *Stump v. Sparkman,* 435 U.S. 349, 359 (1978); *Pierson v. Ray,* 386 U.S. 547, 554

---

[1] The Eleventh Amendment and § 1983 "person" grounds are parallel, but distinct. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–67, 109 S. Ct. 2304, 2310 (1989) ("This does not mean, as petitioner suggests, that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues. Certainly they are. But in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it."). Cases, including mine, have for brevity run the two issues together. *See, e.g., Endl v. New Jersey*, 5 F. Supp. 3d 689, 696 (D.N.J. 2014) (McNulty, J.). Either way, the disqualifying factor is that the defendant is, or acts on behalf of, the State.

(1967); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). All of the damages claims asserted here are based on rulings that Judge Melchionne made in the state child custody proceedings. Against such claims, whether asserted against him in his official or individual capacity, Judge Melchionne is absolutely immune. *See Ludwig v. Berks Cty.*, 313 F. App'x 479, 482 (3d Cir. 2008) ("In his personal capacity, Judge Keller has absolute immunity from liability for his judicial acts.") (citing *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

### B.  Injunctive Relief Claims

Mr. Rashduni asks that this Court vacate all the orders entered by Judge Melchionne regarding child custody and child support in his case. He further seeks injunctive relief on behalf of all persons deprived of child custody.

"A plaintiff seeking a preliminary injunction must establish

[1] that he is likely to succeed on the merits,

[2] that he is likely to suffer irreparable harm in the absence of preliminary relief,

[3] that the balance of equities tips in his favor, and

[4] that an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (line breaks and numbering added); *accord American Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). The first two factors are essential: A court may not grant injunctive relief, "regardless of what the equities seem to require," unless plaintiffs carry their burden of establishing both a likelihood of success and irreparable harm. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *accord Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990).

There is a threshold bar to injunctive relief as a matter of statute. As amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

6

declaratory relief was unavailable." 42 U.S.C. § 1983. *See also Mikhail v. Khan,* 572 F. App'x 68, 71 (3d Cir. 2014) (in § 1983 action based on state child custody case, "claims for injunctive relief also are barred because Mikhail did not allege that any judge violated a declaratory decree or that declaratory relief was not available in his case"); *Azubuko v. Royal,* 443 F.3d 302, 303-04 (3d Cir. 2006) (applying § 1983 injunction exclusion in action against judge who had dismissed two actions filed by plaintiff).

In addition, and in the alternative, I note that the plaintiff makes no substantial showing on the merits. A state court does not err when it applies the "best interests of the child" standard. Mr. Rashduni cites cases requiring a "clear and convincing" standard of proof. Those cases, however, involve a State-initiated proceeding to terminate parental rights. *See, e.g., Santosky v. Kramer,* 455 U.S. 745 (1982); *B.S. v. Somerset,* 704 F.3d 250 (3d Cir. 2013). The allegations in such cases commonly involve such matters as abuse and neglect, and take on a quasi-criminal aspect. *See Santosky,* 455 U.S. at 756, 769–70.

This case, by contrast, is a dispute between parents over which shall have custody. In a custody dispute, there are "no government accusations of fault or the government acting in an adversarial role against the parents." *Brittain v. Hansen,* 451 F.3d 982, 990 (9th Cir. 2006). Rather, each parent is seeking to assert his or her rights against the other, with the State court in the role of arbiter. *See Sacharow v. Sacharow,* 826 A.2d 710, 721 (N.J. 2003). In such a case a preponderance standard is a virtual necessity. Given the strong presumption that a fit parent shall retain custody, the "best interests of the child" standard is the traditional standard, and certainly is a permissible one. *See generally Reno v. Flores,* 507 U.S. 292, 113 S. Ct. 1439 (1993) ("The best interests of the child,' a venerable phrase familiar from divorce proceedings, is a proper and feasible criterion for making the decision as to which of two parents will be accorded custody."); *Palmore v. Sidoti,* 466 U.S. 429, 433, 104 S. Ct. 1879 (1984) ("The goal of granting custody based on the best interest of

the child is indisputably a substantial government interest for purposes of the Equal Protection Clause.").

Rashduni has not made the slightest legal or factual showing that the court's application of the best interests of the child standard denied him due process or equal protection of the laws, or was erroneous in any way. As for future deprivations of parental rights, plaintiff can demonstrate neither a likelihood of future harm nor standing to assert rights of others.[2] The injunctive claims, too, are dismissed.

### III.   CONCLUSION

For the foregoing reasons, the motion of the defendant to dismiss the complaint is GRANTED. The dismissal is with prejudice, because the complaint fails to meet jurisdictional requirements and seeks relief against a defendant who is immune. The plaintiff's motion to vacate all orders of Judge Melchionne is DENIED because the complaint fails to state a claim.

Dated: July 26, 2016
Newark, New Jersey

**HON. KEVIN MCNULTY**
**United States District Judge**

---

[2]   The lack of any showing on the merits is sufficient to require dismissal. I note also, however, that the complaint also lacks a showing of irreparable harm. To the extent the proceedings are ongoing, interference would be unwarranted. Any error is correctable by the trial judge himself, or by the appellate process. To put it another way, there is an adequate remedy at law. Both sides' papers are somewhat ambiguous as to the status of the proceedings when the complaint was filed. The State asserts that this action is the equivalent of an attempt to appeal an adverse state court judgment, and hence is barred by the *Rooker-Feldman* doctrine. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005); *O'Callaghan v. Harvey*, 233 F. App'x 181 (3d Cir. 2007) (applying *Rooker-Feldman* in context of child custody matter). If it were clear that the state custody case had proceeded to judgment when this federal action was filed, I would agree, and dismiss the case for lack of jurisdiction. In response to an inquiry from chambers, counsel responded that the state court judgment is currently final and has not been appealed. (ECF no. 12)