UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE RASHDUNI,<br><br>  Plaintiff,<br><br> v.<br><br>P. DENTE (COP 1), THE SUPERIOR COURT OF THE STATE OF NEW JERSEY, JOHN DOE1 (COP 3), JOHN DOE2 (COP4) GRZEGORZ KINAL (COP 2), PETER J. MELCHIONNE, LAURA MEZA, BARBARA COWEN, MARINE MANVELYAN, COUNTY SHERIFF'S OFFICE, MUNICIPAL COURT OF BERGEN COUNTY,<br><br>  Defendants. | Civ. No. 16-240 (KM)<br><br>**MEMORANDUM OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

Claude Rashduni brought this action against Defendant Hon. Peter J. Melchionne, J.S.C., the judge presiding over Mr. Rashduni's child custody proceedings, as well as court personnel, Sheriff's Officers, the Municipal Court of Bergen County, Rashduni's ex-wife, and her lawyer. This case is a companion to *Rashduni v. Melchionne,* No. 15-8907. On July 26, 2016, I filed an opinion and order dismissing the complaint for lack of subject matter jurisdiction. (ECF nos. 21, 22)

Now before the Court is the plaintiff's "Ruling Re: Motion for Contempt." (ECF no. 23) Mr. Rashduni, in his status "as a sovereign" seeks to hold the Court (specifically, me and Magistrate Judge Clark) in contempt. At times he seems to seek an order of contempt from the Court; at other times he seems to be declaring on his own authority that the Court is in contempt.

Mr. Rashduni cites 18 U.S.C. § 401, which grants a court of the United States the power to punish contempts, such as disobedience of lawful orders,

1

misbehavior of court officers, and obstruction of justice. *See generally Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888 (3d Cir. 1992) (discussing contempt power under 18 U.S.C. § 401). He also cites Fed. R. Crim. P. 42(a), which provides that a prosecution for criminal contempt shall be upon notice. Section 401 is self-evidently a grant of authority to the court, in order to vindicate the authority of the court. It does not empower a disappointed litigant to declare the court in contempt. It is not a means of disputing rulings of the court. If the litigant believes there has been an error, he may pursue an appeal.

The motion also cites Fed. R. Civ. P. 37, which provides, inter alia, for sanctions against a party in the event that it fails to comply with discovery orders. That rule has no application to this situation.

Mr. Rashduni's motion, because it disputes my earlier ruling that the court lacks subject matter jurisdiction, might be considered as a motion for reconsideration. The standards governing a motion for reconsideration (or reargument) are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)). Mere disagreement with a holding is properly expressed *via* an appeal from the court's final judgment, not *via* a motion for reconsideration. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996).

The motion contains no material overlooked by the Court that would alter the earlier ruling. It rehashes the allegations of mistreatment at the hands of the persons involved in the State child custody proceedings. It suggests no basis for federal court jurisdiction, and no reason to think that the Court's reasoning was incorrect. Once again, however, the means for correction of any error would be the filing of a timely appeal.

## ORDER

IT IS this 1st day of September, 2016

ORDERED that, for the reasons expressed in the foregoing opinion, the motion of plaintiff (ECF no. 23) for contempt, or in the alternative for reconsideration, is DENIED.

_____
**HON. KEVIN MCNULTY**
**United States District Judge**