# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE ARAM RASHDUNI,<br><br>Plaintiff,<br><br>vs.<br><br>P. DENTE, THE SUPERIOR COURT OF THE STATE OF NEW JERSEY, JOHN DOE 1, JOHN DOE 2, GRZEGORZ KINAL, PETER MELCHIONNE, LAURA MEZZA, BARBARA COWEN, MARINE MANVELYAN, COUNTY SHERIFF'S OFFICE, MUNICIPAL COURT OF BERGEN COUNTY,<br><br>Defendants. | Civ. No. 2:16-CV-240-KM-JBC<br><br>**MEMORANDUM OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

Claude Rashduni brought this action against defendant Hon. Peter J. Melchionne, J.S.C., and other persons associated with his child custody proceedings in state court. This case is a companion to *Rashduni v. Melchionne*, No. 15-8907.[1] On July 26, 2016, I filed an opinion and order dismissing the complaint for lack of subject matter jurisdiction. (ECF Nos. 21, 22).

On August 30, 2016, Mr. Rashduni filed a motion for contempt. (ECF No. 23). Mr. Rashduni, in his status "as a sovereign," sought to hold the Court

---

[1] Mr. Rashduni copied this Court on a letter dated January 31, 2018, stating that there was a pending motion in the companion case. The last docket entries in that case were an opinion and order by the Court. (ECF Nos. 13, 14). There are no pending motions in that case.

1

(specifically, me and Magistrate Judge Clark) in contempt. At times he seemed to seek an order of contempt from the Court; at other times he seemed to be declaring on his own authority that the Court is in contempt. As that motion disputed my earlier ruling that the Court lacks subject matter jurisdiction, I considered Mr. Rashduni's filing in the alternative as a motion for reconsideration. (ECF No. 24). I found that the motion contained no material overlooked by the Court, suggested no basis for federal court jurisdiction, and no reason to think that the Court's reasoning was incorrect. (ECF No. 24). I therefore denied his motion. (ECF No. 24).

Mr. Rashduni filed a "Writ of Error Quae Coram Nobis Residant" on September 23, 2016. (ECF No. 26). It stated that "[t]he purpose of this writ is to restore the orderly decorum of the court and to correct defective impromptu process and usurpation of legislative and court powers taken by the magistrate without leave of court." (ECF No. 26). Again, as the filing disputes my previous ruling, I will consider it in the alternative as a motion for reconsideration.

The standards governing a motion for reconsideration (or reargument) are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *See also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North*

*River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)). Mere disagreement with a holding is properly expressed via an appeal from the court's final judgment, not via a motion for reconsideration. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996).

Mr. Rashduni's most recent filing contains no material overlooked by the Court that would alter the earlier ruling. It rehashes the allegations of mistreatment at the hands of the persons involved in the State child custody proceedings. It suggests no basis for federal court jurisdiction, and no reason to think that the Court's earlier reasoning was incorrect.

## CONCLUSION

For the reasons expressed above, the motion of plaintiff (No. 26) for a "Writ of Error Quae Coram Nobis Residant," or in the alternative for reconsideration, is DENIED. This matter remains dismissed without prejudice for lack of jurisdiction.

**KEVIN MCNULTY**
**United States District Judge**