UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE RASHDUNI,<br><br>Plaintiff,<br><br>v.<br><br>P. DENTE (COP 1), THE SUPERIOR COURT OF THE STATE OF NEW JERSEY, JOHN DOE1 (COP 3), JOHN DOE2 (COP4) GRZEGORZ KINAL (COP 2), PETER J. MELCHIONNE, LAURA MEZA, BARBARA COWEN, MARINE MANVELYAN, COUNTY SHERIFF'S OFFICE, MUNICIPAL COURT OF BERGEN COUNTY,<br><br>Defendants. | Civ. No. 16-240 (KM)<br><br>MEMORANDUM OPINION AND ORDER |

## KEVIN MCNULTY, U.S.D.J.:

Claude Rashduni brought this action against Defendant Hon. Peter J. Melchionne, J.S.C., the judge presiding over Mr. Rashduni's child custody proceedings, as well as court personnel, Sheriff's Officers, the Municipal Court of Bergen County, Rashduni's ex-wife, and her lawyer.[1]

On July 26, 2016, I filed an opinion and order dismissing the complaint for lack of subject matter jurisdiction. (DE 21, 22) The matter was closed, with no appeal having been taken.

Plaintiff nevertheless filed a "Ruling Re: Motion for Contempt," in which Mr. Rashduni, in his status "as a sovereign," sought to hold the Court in contempt based on his disagreement with the earlier ruling. I denied the motion, both as a motion for contempt and construed as a motion for reconsideration, on September 1, 2018. (DE 24)

---

[1] This case is a companion to *Rashduni v. Melchionne,* No. 15-8907, also dismissed.

1

Plaintiff then filed a "writ of error quae coram nobis resident." Its stated purpose was to "correct defective impromptu process and usurpation of legislative and court powers taken by the magistrate without leave of court." That motion I denied by opinion and order filed March 1, 2018. (DE 30)

Plaintiff then filed a "notice and demand," again seeking to overturn the family court proceedings, but seemingly directed at the members of the U.S. Senate Committee on the Judiciary. I considered the motion as one to amend, for reconsideration, or to reopen judgment pursuant to Rules 59 and 60. On August 3, 2018, I denied the motion by order and opinion. (DE 39)

Now before the Court is the plaintiff's motion for a writ quo warranto. It begins with an elaborate recitation of general principles, extolling the jury system, past presidents, the sovereign people, and religious oaths. It then briefly rehashes Mr. Rashduni's complaints about the child support and custody rulings of the family court in Bergen County.

The motion requests that the court enter an order

> finding that the magistrate rendered and wrote rulings without leave of court; and finding that the orderly decorum of the court was replace by defective impromptu process and usurpation of legislative and court powers without leave of court,
>
> -And, finding that the clerk of the court improperly accepted for filing an order from the magistrate without leave of court,
>
> -And, desiring that fair justice be served for all parties, Counter Defendants as well as Counter Plaintiff,
>
> NOW THEREFORE, THE COURT issues this Writ of Quo Warranto [fn. citation to All Writs Act, 28 U.S.C. § 1651], to wit:
>
> -The court impeaches and rescinds the order entitled ORDER SIGNED BY KEVIN MCNULTY.

(DE 40 p. 12)

This matter was closed over two years ago. Any claim of error could have been, but was not, pursued *via* an appeal, but the time to appeal expired long ago. Multiple motions for reversal or reconsideration of the Court's dismissal of

2

the case have been filed and denied.[2] No grounds to reopen the matter under Rule 59 or Rule 60 are stated. To the extent the plaintiff may be contending that the Magistrate Judge acted without authority from the Court, that contention cannot be sustained. The only ruling by the Magistrate Judge that appears on the docket is an order granting an extension of time to answer. (DE 16) That, and other case management functions, are well within the Magistrate Judge's authority. See 28 U.S.C. § 636.

This case has been litigated and is now closed. The plaintiff cannot, by inventing and asserting new theories, or invoking different common-law writs, bring it back to life.

**ORDER**

IT IS THEREFORE this 27th day of December, 2018

ORDERED that the plaintiff's petition for a writ quo warranto (DE 40) is DENIED. The case is, and remains, closed.

HON. KEVIN MCNULTY
United States District Judge

---

[2] The contentions here seem to most closely parallel those discussed and rejected in my prior Order at DE 30.